UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YANQIU FANG,

                                Plaintiff,

v.

ALEJANDRO MAYORKAS, TIMOTHY HOUGHTON and SCOTT VELEZ,

                                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

23-CV-290 (LDH)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Yanqiu Fang ("Plaintiff"), proceeding pro se, filed this action against Alejandro Mayorkas, Timothy Houghton and Scott Velez ("Defendants"), requesting that the Court issue an order directing Defendants to adjudicate Plaintiff's I-485 Adjustment of Status Application. For the reasons discussed below, the complaint is dismissed without prejudice for failure to prosecute.

### BACKGROUND[1]

    Plaintiff commenced the instant action by filing a complaint on January 17, 2023. (Compl., ECF No. 1.) That same day, Defendants were served a summons and complaint and Plaintiff returned an executed summons on January 18, 2023. (ECF Nos. 3 and 4.)

    In accordance with the Court's Individual Practices, on March 20, 2023, Defendants requested a pre-motion conference in anticipation of their motion to dismiss Plaintiff's complaint. (Defs.' Pre-Motion Conference Ltr., ECF No. 6.) Defendants argued that Plaintiff

---

[1] The following facts are derived from the complaint and are assumed to be true for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the court's ECF system.

failed to show that she has a clear right to the adjudication of her application on a specific timeline, and that Defendants unreasonably delayed adjudicating her application.  (*Id.* at 1.)  By order dated April 19, 2023, the Court directed Plaintiff to show cause why her complaint alleging that Defendants unreasonably delayed adjudicating her petition should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on or before April 25, 2023.  The Court warned that a failure to respond may result in dismissal for failure to prosecute.  Plaintiff failed to respond.  By order dated May 1, 2023, the Court again directed Plaintiff to show cause why her complaint should not be dismissed for failure to state a claim on or before May 16, 2023, or risk dismissal for failure to prosecute.  Again, Plaintiff failed to respond.  By order dated May 19, 2023, Plaintiff was again directed to show cause why her complaint should not be dismissed for failure to state a claim on or before May 30, 2023, or risk dismissal for failure to prosecute.  Yet again, Plaintiff failed to respond.  Plaintiff has not made any filing since she filed proof of service on January 18, 2023.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]"  Fed. R. Civ. P. 41(b).  The prudent application of this rule is "'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'"  *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice).  Notwithstanding its benefits, disposal of cases for want of prosecution is "'a harsh remedy to be utilized only in extreme situations.'"

2

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)). Thus, as a procedural safeguard, district courts must balance five factors, none of which are dispositive, when determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First,* at least four months have lapsed since Plaintiff was first directed to show cause why her complaint should not be dismissed for failure to state a claim. While there is no bright-line rule, the Second Circuit has found similar periods of inaction sufficient to warrant dismissal. *See, e.g.*, *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that

3

delays that are "merely a matter of months" may support dismissal). Therefore, a four-month delay is sufficient.

*Second*, Plaintiff has been given three opportunities to comply with the Court's directives, and three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute. Defendants filed their pre-motion conference request on March 20, 2023. On April 19, 2023, the Court directed Plaintiff to show cause why her complaint should not be dismissed for failure to state a claim, and was warned that a failure to do so may result in dismissal for failure to prosecute. Plaintiff failed to respond. By order dated May 1, 2023, Plaintiff was again directed to show cause why her complaint should not be dismissed for failure to state a claim, and was warned that a failure to do so may result in dismissal for failure to prosecute. Still, Plaintiff did not respond. Then, on May 19, 2023, Plaintiff was again ordered to show cause why her complaint should not be dismissed for failure to state a claim, and the Court again warned that failure to do so may result in dismissal for failure to prosecute. Yet again, Plaintiff ignored this order. These notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding sufficient notice of dismissal where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendants. Whether a defendant has been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. This case has been pending for eight months. The Second Circuit has affirmed the application of a presumption of prejudice where a plaintiff fails to respond to a court order for

4

shorter periods of time. *See, e.g.*, *Yadav v. Brookhaven Nat. Laboratory*, 487 Fed. App'x 671, 673 (2d Cir. 2012) (affirming dismissal where Plaintiff caused a delay of three months); *see also Brow*, 391 F. App'x at 937 (affirming dismissal where Plaintiff caused a delay of nearly six months). As such, Defendants are presumed to be prejudiced. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [ ] had actively defended [the] case" and "would be prejudiced by further delay.").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in its chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]" *Ruzsa*, 520 F.3d at 177–78. Here, prior to pursuing dismissal, the Court granted Plaintiff several opportunities to show cause why her complaint should not be dismissed for failure to state a claim. In other words, Plaintiff has been given ample time to indicate a readiness to proceed. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of New York*, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016). Indeed, in light of the substantial period that has lapsed since Plaintiff has

5

taken any action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 31, 2023

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge